# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BRAND TECHNOLOGIES, INC., an Ohio corporation; and BRADFORD MANDELL, an individual;<br><br>        Plaintiffs,<br>  v.<br><br>MAVRIX PHOTO, INC., a Florida corporation;<br><br>        Defendant. | Case No. 3:09-CV-01691-JZ<br>Judge: Hon. Jack Zouhary<br><br>(Related Case: US District Court, Central District of California 09-2729 PSG *and* Ninth Circuit Appeal 09-56134)<br><br>**DEFENDANT'S COUNTERCLAIM FOR COPYRIGHT INFRINGEMENT** |
| MAVRIX PHOTO, INC., a Florida corporation;<br><br>        Counter-Claimant,<br>  v.<br><br>BRAND TECHNOLOGIES, INC.; BRAD MANDELL, an individual; DOES 1-10, inclusive,<br><br>        Counter-Defendants. | |

For their Counterclaims against Counter-Defendants, Counter-claimant Mavrix Photo, Inc. states as follows with respect to Brand Technologies and Brad Mandell's (collectively "Brand" or "Plaintiffs" or "Counter-Defendants") Complaint:

## RELATED CASE

1. Brand's recitation of the facts mentions a California suit, but fails to mention it remains alive on appeal.  In April 2009, Mavrix filed a copyright infringement suit against Plaintiffs in the United States District Court for the Central District of California in Los Angeles, California.  That case is entitled *Mavrix Photo, Inc v.  Brand Technologies et al.*, CV 09-2729 PSG (JCx).  Defendants sought a dismissal for lack of personal jurisdiction, which was granted.  Mavrix filed a Notice of Appeal in the Ninth Circuit, which appeal is currently pending.  Mavrix's Opening Brief is due January 4, 2010 and Brand's response brief is due 2/3/10.  The district court briefing and order being appealed will be submitted to this Court under separate cover by a separate filing.  During the pendency of the appeal in the Ninth Circuit, Plaintiffs herein filed this action in this District so as to forum shop and burden Mavrix who has now been required to file counterclaims here that are the same as the claims pending in California on appeal.  When and if the Ninth Circuit reverses, Mavrix will seek the transfer of this case back to California so that the first-filed California action may resume.

2. In an ironic twist, Plaintiffs, who have a web site that has far more page views than Mavrix and is far more interactive than Mavrix's site (a facial comparison establishes this beyond doubt as des the briefing in California, to wit Plaintiff's web site advertises jobs to Californians and advertises and sells tickets to events in California to Californians too) but have contended here that Mavrix's site gives this Court personal jurisdiction (¶ 8) whereas in

California they took the opposite tack and contended that their site was not sufficient to confer personal jurisdiction on the Court. *See* California Briefing filed under separate cover. Plaintiff cannot have it both ways and this is a judicial admission that should cause this Court to dismiss the case out of hand in light of the first filed California one, and one that Defendants will certainly bring to the California court's attention.

## JURISDICTION AND VENUE

3. This is a civil action against Counter-Defendants for copyright infringement in breach of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

4. Venue is permissible in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District and the Plaintiffs may be found and transact business in this Judicial District.

## PARTIES

5. Mavrix is a corporation incorporated and existing under the laws of Florida, with a principal place of business located in Miami.

6. Counter-Defendant Brand Technologies, Inc. ("Brand") is an Ohio corporation. Brand owns and operates the domain names and web sites located at www.gossipgirls.com and www.celebrity-gossip.net. These web sites have many millions of page views per day, and are some of the most highly ranked web sites on the internet.

7. Counter-Defendant Brad Mandell is an individual residing in Ohio.

8. The true names or capacities, whether individual, corporate or otherwise, of the Counter-Defendants named herein as DOES 1 through 10, inclusive, are unknown to Mavrix, who therefore sue said Counter-Defendants by such fictitious names. Mavrix will ask leave of Court to amend this Counterclaim

and insert the true names and capacities of said Counter-Defendants when the same have been ascertained.

9. Mavrix is informed and believes and, upon such, allege that each of the Counter-Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Mavrix's damages as alleged herein were proximately caused by such Counter-Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Mavrix is a prominent celebrity photography agency based in Miami, Florida with an office in Los Angeles, California. As part of its business, Mavrix takes candid photographs of celebrities. Mavrix then licenses those photographs to its end customers, often popular publications like People or US Weekly.

11. Www.gossipgirls.com and celebrity-gossip.net are websites offering celebrity gossip and which also frequently displays photographs of celebrities. These sites and their owners have frequently reproduced, publicly distributed and publicly displayed photographs belonging to Mavrix, without regard to Mavrix' ownership of the copyrights in those photos, without procuring a license from Mavrix, and without providing any compensation to Mavrix.

12. On or about April 18th, 2008, Mavrix took at least 35 different photographs of pop star Stacey Ferguson AKA Fergie in the Bahamas with her boyfriend and fellow celebrity Josh Duhamel (the "Photos"). A copy of images of the Photos is attached hereto as Exhibit 1. Mavrix sought and received a federal copyright registration on the Photos within 90 days of their first publication. A true and correct copy of the copyright certificate is attached hereto as Exhibit 2. These Photos had substantial market value to Mavrix if they could be licensed on an exclusive basis to a celebrity news publication.

13. Within days, on or about April 18, 2008, Counter-Defendants placed on www.gossipgirls.com at least 35 images of the Photos, displaying those images for the entire world to see and download for free if desired. Attached hereto as Exhibit 3 are screen captures of the Photos as they appeared on gossipgirl.com. Counter-Defendants displayed the Photos on the website without permission and without a copyright license. Counter-Defendants' publishing of the Photos destroyed the market value of them for Mavrix. This was not the first time Counter-Defendants had unlawfully used Mavrix's images without permission or consent.

14. Counter-Defendants who are running a celebrity web site now contend that they can secure photographs of celebrities from unknown foreign entities and hide behind the innocent infringer defense for such actions. No photography agency in the world, nor any celebrity news site or any news site, can reasonably believe that if a foreign third party offers current and valuable pictures of celebrities as being "public domain" that such pictures are in fact public domain. Nor given the business Plaintiffs are in can they reasonably conclude, by effectively sticking their hands in the sand, that they justifiably believed a foreign outfit that is unknown in the celebrity photo space had the rights to the pictures. Defendants are highly successful and in a business space that is known to be subject to very stringent copyright rules. Plaintiffs have a very large and successful business and know that they should secure photos themselves through their photographers or through legitimate providers at legitimate market prices. This is especially true since Plaintiffs have received numerous prior complaints from Mavrix, and on information and belief other third party photo agencies, about their infringing acts of reproducing photographs that do not belong to them.

## COUNT I
## COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501

15. Mavrix incorporates here by reference the allegations in paragraphs 1 through 14 above.

16. Mavrix is the owner of all rights, title and interest in the copyrights to the Photos, which substantially consist of material wholly original with Mavrix and which are copyright subject matter under the laws of the United States. Mavrix has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photos have been registered with the United States Copyright Office.

17. Counter-Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Mavrix's copyrights by reproducing, displaying, distributing and utilized the Photos for purposes of trade violation of 17 U.S.C. § 501 *et seq.*

18. Counter-Defendants have willfully infringed, and unless enjoined, will continue to infringe Mavrix' copyrights by knowingly reproducing, displaying, distributing and utilizing the Photos for purposes of trade. Indeed, Counter-Defendants have been previously placed on notice by Mavrix about the illegal nature of Counter-Defendants' acts.

19. Counter-Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of the Photos for purposes of trade, including by increasing the traffic to www.gossipgirls.com and thus increasing the advertising fees generated by gossipgirl.com.

20. All of the Counter-Defendant's acts are and were performed without the permission, license or consent of Mavrix.

21. The said wrongful acts of Counter-Defendants have caused, and are causing, great injury to Mavrix, which damage cannot be accurately computed, and unless this Court restrains Counter-Defendants from further commission of said acts, Mavrix will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Mavrix seeks a declaration that Defendants are infringing Mavrix's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Mavrix' copyrights.

22. As a result of the acts of Counter-Defendants alleged herein, Mavrix has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

23. Because of the willful nature of the copyright infringement of at least 35 copyrighted images, Mavrix is entitled to an award of statutory damages of an amount up to $5,250,000 against the Defendants (35 x $150,000). Mavrix is also entitled to its attorney's fees in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Mavrix requests judgment against Counter-Defendants as follows:

1. The Counter-Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoyed from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet web sites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe,

contributorily infringe, or vicariously infringe upon Mavrix's rights in the Photos.

2. Counter-Defendants be held liable to Mavrix in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and for costs, interest and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

3. An accounting be made for all profits, income, receipts or other benefit derived by Counter-Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Mavrix's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4. Requiring Counter-Defendants to account for and pay over to Mavrix all profits derived by Counter-Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Mavrix by reasons of Counter-Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

5. Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

6. That Mavrix be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: September 29, 2009            Respectfully submitted,

                                                              */s/ Peter R. Afrasiabi*
                                          _____
                                          Peter R. Afrasiabi (CA Bar # 193336)
                                          *Admitted Pro Hac Vice*
                                          One LLP
                                          535 Anton Blvd., Suite 850
                                          Costa Mesa, California 92626
                                          714-434-8750
                                          Fax No. 714-434-8756
                                          Email: pafrasiabi@onellp.com
                                          Counsel for Defendant/Counter-
                                          Claimant Mavrix Photo, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2009, I caused to be electronically filed the foregoing **DEFENDANTS' COUNTERCLAIMS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> **Michael E. Dockins**
> Fraser, Clemens, Martin & Miller
> 28366 Kensington Lane
> Perrysburg, Ohio 43551
>
> *Attorneys for Defendant*

/s/ Peter R. Afrasiabi
Peter R. Afrasiabi
